IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTONIO AVILES, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civ. No.: MJM-24-3612 |
| v. | * | |
| | * | |
| AVREST CENTRAL | * | |
| MORTGAGE COMPANY, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * *

**MEMORANDUM ORDER**

Self-represented plaintiff Antonio Aviles, Jr. ("Plaintiff") filed this civil action against defendants Arvest Central Mortgage Company and Arvest Mortgage LLC (collectively, "Defendants"), as well as two other defendants that were later voluntarily dismissed. ECF 1; *see also* ECF 12. Plaintiff seeks injunctive and declaratory relief pursuant to 28 U.S.C. § 2201 against an eviction and foreclosure of a residential property in Baltimore County, Maryland. ECF 1. Defendants filed a motion to dismiss this action arguing that it is barred by the Anti-Injunction Act and the doctrines of exclusive jurisdiction and res judicata. ECF 21. Plaintiff filed a response in opposition to the motion, arguing for the first time that Defendants violated certain provisions of the Truth in Lending Act ("TILA"), including 15 U.S.C. §§ 1635, 1638 & 1641(g). ECF 29. Plaintiff did not address Defendants' AIA and res judicata arguments regarding the claims asserted in the Complaint. In reply, Defendants argued that Plaintiff has not stated any claim for relief under TILA. ECF 30. Thereafter, Plaintiff moved for leave to file a surreply to address arguments made in Defendants' reply, ECF 32, attaching a proposed surreply, ECF 32-1, and Defendants filed a response in opposition to that motion, ECF 33. No hearing is necessary to resolve the pending motions. *See* Local Rule 105.6 (D. Md. 2025). Both motions are granted.

I.  **Plaintiff's Motion for Leave to File Surreply**

Allowing a party to file a surreply is within the Court's discretion. *See* Local Rule 105.2(a). Even though surreplies are generally disfavored, leave to file one may be appropriate where the movant has not had an opportunity to respond to an opposing party's argument. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004) (citation omitted). Courts in this circuit have granted leave to file a surreply in consideration of a party's pro se status. *See Smith v. Solodar*, No. 3:24CV580, 2025 WL 1345985, at *1 (E.D. Va. May 5, 2025) ("But, because Smith proceeds *pro se*, the Court will grant leave to file a surreply, and has considered the surreply in deciding the case."); *Zhang v. Sci. & Tech. Corp.*, 382 F. Supp. 2d 761, 767 (D. Md. 2005), *aff'd*, 174 F. App'x 177 (4th Cir. 2006). Here, permitting Plaintiff to surreply is necessary to give him a reasonable opportunity to contest Defendants' arguments against the TILA violations alleged for the first time in Plaintiff's opposition to Defendants' motion to dismiss. Although it was Plaintiff who raised these new issues in his opposition brief, I find that granting Plaintiff leave to file a surreply is justified by his self-represented status. Therefore, Plaintiff's motion is granted, and his surreply has been considered in deciding Defendants' motion to dismiss.

II.  **Defendants' Motion to Dismiss**

Defendants move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Rule 12(b)(6) constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

2

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* "[T]ender[ing] 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

In addition, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). A federal court must "presume . . . that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

Defendants assert multiple grounds for dismissal, including the Anti-Injunction Act and the doctrine of res judicata. Plaintiff offers no persuasive argument against either of these grounds for dismissal. Defendants' motion is granted.

### A. Anti-Injunction Act

The Anti-Injunction Action provides that a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "Significantly, where the Anti-Injunction Act bars an injunction it also bars the issuance of a declaratory judgment that would have the same effect as an injunction." *Tucker v. Specialized*

*Loan Servicing, LLC*, 83 F. Supp. 3d 635, 641 (D. Md. 2015) (citation and internal quotation marks omitted); *see also Denny's, Inc. v. Cake*, 364 F.3d 521, 528 n.8 (4th Cir. 2004).

Here, Plaintiff seeks an injunction against eviction and foreclosure proceedings in state court and a declaratory judgment that would have the same effect. Both forms of relief are barred by the Anti-Injunction Act. *See Tucker*, 83 F. Supp. 3d at 641; *Williams v. Cohn*, Civ. No. PX 16-2886, 2016 U.S. Dist. LEXIS 110509, at *3 (D. Md. Aug. 19, 2016); *Young-Bey v. S. Mgmt. Corp.*, Civ. No. TDC-18-2331, 2018 U.S. Dist. LEXIS 174774, at *3 (D. Md. Oct. 9, 2018). Defendants' motion may be granted on this basis alone.

### B. Res Judicata

Plaintiff's claims are also subject to dismissal because they are barred by res judicata.

Res judicata, also known as claim preclusion, is a legal doctrine that promotes judicial efficiency and the finality of decisions. *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 325 (4th Cir. 2004); *see also Hogans v. Charter Comms., Inc.*, 563 F. Supp. 3d 464, 472 (E.D.N.C. 2021) (citations omitted). Under the doctrine, a final judgment on the merits in an earlier decision precludes the parties, and those in privity with them, from relitigating issues that were raised or could have been raised during that action. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (citations omitted). When litigants in federal court assert that a state court judgment has preclusive effect, "[the] federal court must give to [the] state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see also Clodfelter v. Republic of Sudan*, 720 F.3d 199, 207 n.10 (4th Cir. 2013) (citations omitted).

Under Maryland law, res judicata provides grounds for dismissal if a defendant establishes that: "(1) the parties in the present litigation are the same or in privity with the parties to the earlier

4

action; (2) the claim in the current action is identical to the one determined in the prior adjudication; and (3) there was a final judgment on the merits in the previous action." *Bank of N.Y. Mellon v. Georg*, 175 A.3d 720, 725 (Md. 2017). A claim is "identical" to an earlier one if the second suit arises out of the same transaction or series of transactions as the original. *Boyd v. Bowen*, 806 A.2d 314, 325 (Md. App. Ct. 2002) (citing *FWB Bank v. Richman*, 731 A.2d 916, 928 (Md. 1999)). Maryland courts "bar[] not only those claims brought in the original litigation, but also other claims that *could have been brought* in the original litigation." *Proctor v. Wells Fargo Bank, N.A.*, 289 F. Supp. 3d 676, 683 (D. Md. 2018) (emphasis added) (citation omitted); *see also Meekins v. United Transp. Union*, 946 F.3d 1054, 1057 (4th Cir. 1991) ("Not only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.") (quoting *Peugeot Motors of Am., Inc. v. E. Auto Distrib., Inc.*, 892 F.2d 355, 359 (4th Cir. 1989)).

The foreclosure proceeding challenged in the instant case has been adjudicated in the Circuit Court of Maryland for Baltimore County, Case No. C-03-CV-22-005224. An order ratifying the foreclosure sale was entered on October 21, 2024. Plaintiff's motion to reopen the matter was denied on July 24, 2025.

The disposition of the foreclosure action in state court precludes the claims asserted in this case. The first element of res judicata is satisfied because the parties to the instant litigation are the same as, or in privity with, the parties to the earlier foreclosure action. *See Proctor*, 289 F. Supp. at 683 (quoting *Jones v. HSBC Bank USA, N.A.*, 444 F. App'x 640, 644 (4th Cir. 2011)) ("[W]hen a substitute trustee 'prosecute[s] [a] state court foreclosure action on behalf of [a mortgage servicer], which in turn serviced the underlying mortgage on behalf of [the lender],' the servicer,

5

lender and substitute trustee share 'the same right to foreclose on the [subject] mortgage,' such that 'the privity component of claim preclusion is satisfied.'"); *Anyanwutaku v. Fleet Mortg. Grp., Inc.*, 85 F. Supp. 2d 566, 571 (D. Md. 2000), *aff'd*, 229 F.3d 1141 (4th Cir. 2000) ("Although the actual parties to the foreclosure action are not the same in both suits, those who were substituted are in privity with those named in the original suit."). The second element is also satisfied because the present case and the foreclosure action arise out of the same transaction: the foreclosure of Plaintiff's property. Finally, the third element is satisfied because the state court entered a final judgment on the merits by ratifying the sale of the property at issue in the foreclosure action. Under Maryland law, the ratification of the sale of property constitutes a final judgment. *See Proctor*, 289 F. Supp. 3d at 684. Because Plaintiff either asserted or could have asserted his claims in the prior foreclosure action, res judicata bars him from doing so in the instant suit. *See Anyanwutaku*, 85 F. Supp. 2d at 572 (collecting cases where courts have found a foreclosure proceeding to have preclusive effect).

### III.   Conclusion

For the reasons stated herein, it is by the United States District Court for the District of Maryland hereby ORDERED that:

1. Plaintiff's motion for leave to file a surreply (ECF 32) is GRANTED;
2. Defendants' Motion to Dismiss (ECF 21) is GRANTED;
3. The Complaint is DISMISSED WITHOUT PREJUDICE;
4. The Clerk SHALL CLOSE this case.

It is so ORDERED this 20th day of February, 2026

_____
Matthew J. Maddox
United States District Judge